No. 83-119

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

RICHARD C. BOSSARD, FLOYD BOSSARD,
JAMES T. MADDUX, and DAVID P. JACOBSON,

Plaintiffs and Respondents,

-vs-

ZANE K. SULLIVAN,

Defendant and Appellant.

---

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.

Counsel of Record:

For Appellant:

Boone, Karlberg & Haddon, Missoula, Montana

For Respondent:

Worden, Thane & Haines; Robert J. Phillips,
Missoula, Montana

---

Submitted on Briefs:   June 16, 1983

Decided:  October 27, 1983

Filed:   OCT 27 1983

Ethel M. Harrison
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Zane Sullivan (Sullivan) appeals an order of the Missoula County District Court granting summary judgment to the plaintiffs, Richard C. Bossard, et al. (Bossard). Bossard filed the action to compel Sullivan to pay an equal amount on a $120,000 promissory note. All the parties had signed personal guaranties, but Sullivan revoked his guaranty before payment of the principal was due. Bossard and the other stockholders paid part of the interest and principal when it came due. The trial court found that Sullivan's revocation could not affect his guaranty on the original note. The trial court declined to listen to evidence, and granted summary judgment to Bossard. Sullivan claims that inequality among the parties, modification of the terms of the note, and his revocation, excuse payment.

Sullivan claims that because the parties were in unequal positions regarding stock ownership, he should not be required to contribute equally. Sullivan also appeals the award of Bossard's attorney fees. We vacate the summary judgment and remand for further proceedings to determine if the doctrine of equality applies. The award of attorney fees is reversed.

On May 2, 1979, the Title Company of Billings executed a note to the Montana Bank of Billings. The note was for $120,000, annual interest at 13 percent. Interest was payable monthly, and the principal due on demand or on May 1, 1980.

The same day, Sullivan and plaintiffs Bossard, et al., signed guaranties of the note. The guaranty was a continuing

one, and provided that no extension of time for payment, nor renewal would affect the guarantor's liability. Liability was in effect until the Bank received written notice of revocation. A guarantor's revocation did not affect liability for any obligation or renewal created before revocation.

The original note was renewed on May 1, 1980, and due on demand or on May 1, 1981. The renewal was for $121,000 at a higher rate of interest. Sullivan did not participate in the renewal and did not sign the second renewal note. One month before the renewed note was due, Sullivan revoked in writing his guaranty. When the second renewal note came due on May 1, 1981, the title company was insolvent. Bossard and the others negotiated with Montana Bank of Billings to defer their payment, and on May 7, 1981, they paid $30,000 toward the principal and interest. On the same day they signed a third note for approximately $92,000, the balance on the renewal note. Sullivan did not participate in the negotiations, and refused to make any payment. On May 21, 1981, Bossard and the others demanded that Sullivan contribute; when he refused, they brought suit.

Sullivan argues that receipt of unequal benefits from a common obligation destroys the general rule of equal contribution. All the parties except Sullivan were stockholders in the title company. Sullivan alleges he had been promised stock in the company in exchange for setting up the corporation, but Bossard and the others failed to complete their promise. Contribution among co-obligors is an equitable concept, and an equitable defense of one obligor must be permitted to be raised and presented. The trial court refused to consider the doctrine of equality, and

refused to hear evidence on the issue of the inequality of the parties' ownership of stock in the corporation, and granted summary judgment to Bossard.

The principle of unequal benefits affecting equal liability is illustrated by a Montana case, In Re Daily's Estate (1945), 117 Mont. 194, 159 P.2d 327. In Daily, the court held that a husband and wife, both deceased, were joint obligors on two promissory notes. The court held that without proof to the contrary, the presumption is that joint obligors benefited equally from a common debt and the obligors equally liable. The Daily's respective estates were held to be equally liable. Following this analysis, if one joint obligor offers proof that he did not receive equal benefits, that obligor is not required to equally contribute. The California courts have held that the right to contribution is based in equity and is separate from the contract to the creditor. Blankenhorn-Hunter-Dulin Co. v. Thayer (CA 1926), 247 P. 1088, involved marginal traders and persons who had paid for their stock in full. The brokerage became insolvent, and the trustee in bankruptcy claimed that the Blankenhorn-Hunter-Dulin Co., which had paid in full for its stock, should contribute ratably with the margin purchasers to discharge the brokerage's debt. But the California Supreme Court held that since the right of contribution rested on equity and principles of natural justice, it was not equitable for parties in unequal positions to be equally liable for payment of a debt.

In the present case, Sullivan raises the issue of equality of benefits, and was prepared to offer proof to the contrary. Only a trial could resolve this issue.

- 4 -

If this were an action by the bank, our decision would be different. Between the primary creditor and a co-obligor, the guaranty binds the obligor. Had the bank acted against Sullivan, he would be liable on the note, and could, in turn, seek reimbursement from his co-obligors. However, in this case, the action is among the co-obligors, one of whom alleges he did not receive an equal benefit from the common obligation.

We also reverse on the issue of attorney fees. The trial court granted Bossard and the other stockholders their attorney fees and costs. We find no authority for this award and the trial court did not give any reasoning. Absent statutory authority, or an agreement among the parties, Bossard should not have been granted attorney fees.

Reversed and remanded for further proceedings in accordance with this opinion.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

- 5 -