THELMA L. CAMPBELL, Appellant and Cross-Respondent, v. MAX B. CAMPBELL, Respondent and Cross-Appellant.

No. 15546

August 27, 1985 705 P.2d 154

*Ward & Maglaras*, Las Vegas, for Appellant and Cross-Respondent.

*Colucci, Minagil & Aurbach*, Las Vegas, for Respondent and Cross-Appellant.

## OPINION

*Per Curiam:*

The parties to this appeal, Thelma L. and Max B. Campbell, were married on April 24, 1977 in Las Vegas, Nevada. After six and one-half years of marriage, Thelma filed for divorce. The district court equitably divided the couples' two joint assets, a house and a travel agency. Because the house was held in joint tenancy before July 1, 1979, it was subject only to equal distribution. Therefore, we reverse that portion of the district court's order which divides the house 60/40 in Thelma's favor.

NRS 125.150(1)(b)(2) permits the equitable division of "[a]ny property placed in joint tenancy by the parties on or after July 1,

1979." Property placed in joint tenancy before July 1, 1979 is subject only to equal division unless the property is necessary for the support of spouse or children. *See* NRS 125.150(4) (separate property of husband or wife may be set apart for support of spouse or children). *Cf.* Stojanovich v. Stojanovich, 86 Nev. 789, 794, 476 P.2d 950 (1970) (NRS 125.150, as it then existed, permitted equitable distribution of community property only; therefore, it was an abuse of discretion for court to award wife husband's separate property to effect equitable distribution when wife was not in need of support).

The Campbells purchased the house in 1977 and held title as joint tenants. No children issued from the marriage and neither party sought alimony. The district court erred, therefore, in finding the house to be community property subject to equitable division.

Thelma claims that she should be reimbursed for one-half of the $69,000.00 down payment she made on the house. Thelma, however, has failed to rebut the presumption of gift by clear and convincing evidence:

> When separate funds of a spouse are used to acquire property in the names of the husband and wife as joint tenants, it is presumed that a gift of one-half of the value of the joint tenancy property was intended. The presumption is overcome only by clear and convincing evidence.

Gorden v. Gorden, 93 Nev. 494, 497, 569 P.2d 397 (1977).

Although Thelma testified that Max was to repay her for the $69,000.00 down payment as soon as he sold his California home, Max invested the proceeds from the sale of his home in the couples' travel agency. Thelma's testimony, standing alone, is insufficient to rebut the presumption of gift, especially since she knew that Max was investing the money from the sale in the travel agency.

Thelma also claims that a $20,000.00 certificate of deposit was acquired during marriage and is therefore presumptively community property. *See* NRS 123.220 (defining community property as property acquired after marriage). Thelma argues that this presumption was not overcome by clear and convincing evidence; therefore she maintains that the district court erred in awarding the certificate to Max as his separate property. *See* Burdick v. Pope, 90 Nev. 28, 518 P.2d 146 (1974) (community property presumption can only be rebutted by clear and certain proof).

There was substantial evidence, however, for the district court to find that the certificate had been acquired *before* the marriage.

Thus the community property presumption did not even come into operation. Thelma argues that Max's own testimony proves that he did not have the certificate before the marriage. Max testified that he brought $85,000.00 in cash into the marriage: $5,000.00 of this money was invested in the couples' home; the remaining $80,000.00 was invested in the travel agency. Max also testified, however, that the certificate was his separate property. Max could have considered the certificate not to be "cash" when he testified that he had only $85,000.00 in cash to bring into the marriage. His testimony regarding his $85,000.00 in expenditures is hardly conclusive evidence that the certificate was acquired after marriage. We affirm the district court's award of the $20,000.00 certificate of deposit to Max as his separate property.

In his cross-appeal, Max contends that the district court erred in refusing to award him the cost of Thelma's deposition. Although the district court found Max to be the prevailing party and awarded him costs, it specifically excluded the cost of Thelma's deposition from the award. Costs are awarded as a matter of course to the prevailing party in all actions listed in NRS 18.020. The award of costs in a divorce and property division proceeding, however, is discretionary with the district court. *See* NRS 18.050; *cf.* Ormachea v. Ormachea, 67 Nev. 273, 301, 217 P.2d 355 (1950) (describing property division proceeding as an equitable action subject to discretionary assessment of costs).

Max has failed to demonstrate a clear showing of an abuse of discretion by the district court. We therefore decline to disturb the court's decision to withhold the cost of Thelma's deposition.

Accordingly, we reverse that portion of the district court's order dividing the house 60/40 in Thelma's favor. Because the district court's division of the travel agency 60/40 in Max's favor may have been influenced by its equitable division of the house, we remand the case to the district court so that it may modify its order in conformance with this opinion. In all other respects, we affirm the decision below.[1]

---

[1]Thelma's remaining claim of error is without merit. Thelma claims a right of contribution for partial payment of a community debt that she extinguished with her separate funds. Contribution is an equitable remedy, however, and equity does not favor Thelma's claim since the debt was originally incurred for the benefit of her separate property. *See* Brossard v. Sullivan, 670 P.2d 1389, 1391 (Mont. 1983). *Compare* Welland v. Williams, 21 Nev. 230, 234, 29 P. 403 (1892).