No. 86-484

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

CITIZENS STATE BANK, a Montana
banking corporation,
          Plaintiff,

     -vs-

RICHARD C. BOSSARD, FLOYD BOSSARD,
JAMES T. MADDUX, ZANE K. SULLIVAN,
KENNETH A. HIGH,
          Defendants,

     and
ZANE K. SULLIVAN,
          Third-Party ~~Defendant,~~ Plaintiff

     -vs-

AMERICAN LAND TITLE CO. OF RAVALLI
COUNTY,
          Third Party Defendant.


APPEAL FROM:   District Court of the Fourth Judicial District,
               In and for the County of ~~Missoula~~, Ravalli
               The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Boone, Karlberg & Haddon; William L. Crowley, Missoula,
          Montana

     For Respondent:

          Worden, Thane & Haines; Robert J. Phillips, Missoula,
          Montana


                              Submitted on Brief:  Jan. 8, 1987

                              Decided: March 10, 1987

Filed:  MAR 10 1987


                    _____
                              Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is an appeal from a judgment of the District Court, Fourth Judicial District, County of Ravalli, ordering appellant to contribute his pro rata share as a guarantor on a promissory note. We affirm.

Appellant Sullivan was a shareholder in the Title Company, a Montana corporation in the business of issuing title insurance on real estate. Sullivan and four other shareholders, the respondents in this action, each held one share of stock in the company. In January, 1979, the five shareholders executed guaranties for promissory notes to Citizens State Bank on behalf of the Title Company. The continuing guaranties stated that the obligations incurred were joint and several, and that the guarantors waived any right to require the bank to exhaust any security before proceeding against the borrowers.

Sullivan left the Title Company in December, 1979, at which time he signed away his share of stock and resigned his office as president and general counsel of the company.

In November, 1981, the Title Company was sold to a California title company. Richard Bossard, one of the respondents, negotiated the sale. None of the sale proceeds were applied toward the Title Company's promissory notes to Citizens State Bank. The proceeds went instead to pay debts of the Title Company, including taxes, insurance, wages, underwriting fees, supplies, equipment, miscellaneous operational bills, and monies owed to Title Insurance of Montana, a management company.

The Title Company was not a profitable venture. The Company missed several payments on the notes, although

several payments had been personally funded by respondents. In February, 1983, the bank accelerated the notes and demanded immediate payment.

Initially, the bank sued all five guarantors on the basis of their continuing guaranties, and respondents filed a cross-claim against Sullivan for contribution as a coguarantor. Subsequently, respondents agreed to pay off the notes, and the agreed payment schedule has since been completed. The bank was then dismissed from the action, leaving the cross-claim for contribution against Sullivan and Sullivan's third-party complaint against the Title Company for reimbursement of any sums he would be required to pay. In August, 1986, the District Court entered its judgment ordering Sullivan to contribute his one-fifth share of the monies owed the bank, and ordered the Title Company to reimburse Sullivan for the sums he actually paid.

The issue raised by Sullivan on appeal is whether the District Court erred in concluding as a matter of law in an action for contribution between coguarantors, that Sullivan could not raise the equitable defense concerning the security for the underlying promissory notes. In particular, Sullivan specifies as error the District Court's conclusion of law No. 5:

> The continuing guaranties that were executed by the parties created a joint and several obligation. The said continuing guaranty also provides that the guarantors waived any right to require the bank to proceed against the principal obligor, American Land Title of Ravalli County or to proceed or exhaust any security held by borrowers. Thus, the claimed defense by Sullivan that the bank failed to execute against its security is insufficient as a matter of law.

Sullivan contends this conclusion indicates the court did not allow or consider his equitable defense, the defense being

that respondents personally profited from the sale of the Title Company.

We find no merit in Sullivan's contention that the District Court failed to consider his equitable defense. Both parties filed briefs and supplemental briefs discussing the equitable nature of contribution and the equitable defense of unequal benefits. Sullivan argues that because respondents sold the Title Company, he was stripped of collateral which he had relied upon in giving his guaranty. This argument was clearly before the District Court, who rejected it.

The standard of review for a case in equity is that the judgment of the trial court is presumed correct, and all legitimate inferences will be drawn to support this presumption. This Court's inquiry into the evidence is limited to whether the findings of the trial court are clearly erroneous. Rule 52, M.R.Civ.P. See In re Estate of Rudd (1962), 140 Mont. 170, 175-176, 369 P.2d 526, 529.

As we have previously stated, contribution among co-obligors is an equitable concept, and an obligor must be permitted to raise and present any equitable defense. Bossard v. Sullivan (Mont. 1983), 670 P.2d 1389, 1391, 40 St.Rep. 1733, 1735. The general rule of contribution is that guarantors who pay more than their proportionate share of an obligation are entitled to contribution from other guarantors who are jointly and severally liable for the contribution. Stieben v. Korby (Colo. Ct. App. 1975), 533 P.2d 530, 531. "Contribution presumes the payment and extinguishment of the debt by one cosecurity for the benefit of all [Citation omitted]. The very foundation of the doctrine is that one had paid more and another less than his share, and where such is not the fact the right does not exist." Worthington v. Keely (Colo. 1917), 170 P. 194, 197.

In this case all five coguarantors signed continuing guaranties which allowed the bank to forego its security and sue the coguarantors directly on the notes. This default remedy is authorized by § 30-9-501, MCA. The bank pursued this option, and a settlement was reached whereby the obligation to the bank was completely paid off by four of the five guarantors. Under the general rule of contribution, the four guarantors were thus entitled to seek contribution from the fifth guarantor for his pro rata share of the obligation.

In Montana, where coguarantors do not receive equal benefits from the guaranty, the liability for the obligation is allocated according to the benefits received. Bossard v. Sullivan, 670 P.2d at 1391, 40 St.Rep. at 1735. In other words, guarantors in unequal positions should not be equally liable for payment of a debt. Id. Sullivan, however, does not appear to be asserting the equal benefits doctrine. Instead, he makes the general equitable argument that respondents have personally enriched themselves at the expense of his security for the guarantied obligation.

We do not find this to be the case. The evidence in the record clearly indicates Sullivan signed the continuing guaranty knowing that the bank could sue him directly on the notes, foregoing its security. This is in fact what the bank did. Further, the debts paid off by the sale of the Title Company (the company being the underlying security for the notes) were debts of the corporation, not personal debts of respondents. These debts included wages, withholding taxes and industrial accident benefits which the corporation was obligated by law to pay. We agree with the District Court that the evidence supports a finding that all five shareholders shared equal liability on the promissory notes, and that Sullivan was required to contribute his one-fifth pro rata share.

The judgment of the District Court is affirmed.

_____
                            Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices