**In re Fritz Carl NENTWICK, Debtor.**

**Bankruptcy No. 87–00798.**

United States Bankruptcy Court,
N.D. New York.

Sept. 23, 1987.

Robert J. Allan, Camillus, N.Y. for Bd. of Managers of Village Green of Syracuse, Condominium II.

James F. Selbach, Syracuse, N.Y. for debtor.

## MEMORANDUM–DECISION AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

Fritz Carl Nentwick ("Debtor") is the owner of a real property condominium at 353 Village Boulevard, Baldwinsville, New York, located in what is known as the Village Green of Syracuse, Condominium II ("Village Green"). Because of the Debtor's failure to pay required condominium common charges, on or about September 25, 1986, Village Green filed a "Notice of Common Charge Lien" against the Debtor's real property in the Clerk's Office for Onondaga County, New York. This action is a necessary prerequisite for the enforcement of the lien for unpaid common charges created by New York Real Property Law § 339–z (McKinney Supp.1987). *See* New York Real Property Law § 339–aa (McKinney 1968) ("Real Property Law"). Village Green subsequently commenced a state court lien foreclosure action against the Debtor, and a judgment of foreclosure and sale was entered against the Debtor

and his real property in the amount of $1,226.14.

The Debtor filed his voluntary petition for relief under the Bankruptcy Code 11 U.S.C.A. §§ 101–1330 (West 1979 & Supp. 1987) ("Code") on June 8, 1987. Thereafter, Village Green moved for an order lifting the stay to allow it to continue the lien foreclosure action. Code § 362(d). This motion was followed by Debtor's application for an order to show cause why Village Green's lien, as well as liens held by two other creditors, should not be avoided by operation of Code § 522(f).

In the schedules filed with his bankruptcy petition, the Debtor had valued his condominium at approximately $37,000.00. The real property served to secure a first mortgage in the amount of $27,800.00. By Order entered September 1, 1987, the judicial liens of the two other judgment creditors were avoided as impairing Debtor's homestead exemption under Code § 521, and New York Civ.Prac.Law § 5206(a) (McKinney 1978 & Supp.1987).

The Debtor now contends the Village Green lien is avoidable by operation of Code § 545.

## JURISDICTIONAL STATEMENT

The Court has jurisdiction over this core proceeding pursuant to 28 U.S.C.A. § 1334 (West 1979 & Supp.1987) and 28 U.S.C.A. § 157(a) and (b)(2)(G) & (K) (West Supp. 1987). This memorandum-decision is issued pursuant to Code § 362(e), and Federal Rule of Bankruptcy Procedure 4001(b), 11 U.S.C.A. (West 1984).

## DISCUSSION

▇▇▇ The Debtor has appropriately retreated from his initial position that Village Green's lien is avoidable by use of Code § 522(f). The Debtor has recognized the statutory basis of the lien, rendering Code § 522(f) patently inapplicable in this proceeding. Unfortunately for the Debtor, Code § 545 is equally inapplicable.

In the absence of trustee action, a debtor is free to exercise the avoidance powers of Code § 545. Code § 522(h)(1) & (2). While the Code provides that most statutory liens remain valid as against the bankruptcy trustee for reasons of public policy, equally compelling policy considerations such as equality of distribution among unsecured creditors, substantiate statutory lien avoidance by use of Code § 545. *See generally* 4 COLLIER ON BANKRUPTCY ¶ 545.-01[3], 545–5 to 545–7 (1987). The statutory liens which may be avoided are those which first become effective against a debtor: 1) upon commencement of a bankruptcy case concerning the debtor; 2) when any other non-bankruptcy insolvency proceeding concerning the debtor is commenced; 3) when a custodian is appointed or takes possession of a debtor's property; 4) when the debtor becomes insolvent; 5) when a debtor fails to meet a specified financial condition; and 6) when at the time of execution, is levied at the instance of one other than the statutory lienholder. Code § 545(1)(A)–(F). Additionally, statutory liens which are not perfected or enforceable against either a real or hypothetical bona fide purchaser of the encumbered property who purchases the property at the time of case commencement, or liens for rent, are also avoidable. Code § 545(2)–(4).

The Debtor contends that because he was insolvent at the time Village Green perfected its lien, the lien is avoidable pursuant to Code § 545(1)(D). However, the lien did not arise on Village Green's behalf because of Debtor's insolvency. Rather, the statutory lien first became effective against the Debtor and his property when he allowed the common charges to remain unpaid, and Village Green filed the notice of lien. *See,* Real Property Law §§ 339–z, 339–aa; *Washington Federal Savings and Loan Association v. Schneider,* 95 Misc.2d 924, 928, 408 N.Y.S.2d 588, 590 (N.Y.Sup. Ct.1978). This is not a case where but for the Debtor's insolvency, the Village Green lien would not have arisen; the lien became effective irrespective of whether or not the Debtor's liabilities exceeded his assets. In this case, it was merely coincidence that the Debtor was insolvent at the time Village Green's lien was perfected, and consequently, the statutory lien for unpaid common charges is not avoidable by operation

of Code § 545. *cf. Stern v. Munroe (In re Stern)*, 44 B.R. 15, 18–19 (Bankr.D.Mass. 1984) (statutory lien for common expenses arising under Massachusetts condominium law is not avoidable).

The second issue concerns Village Green's motion for relief from the automatic stay so that it may proceed with the lien foreclosure process. The Debtor has not taken steps to reaffirm his obligation to the first mortgage holder, and has in fact indicated his intention to surrender the real property to that entity. Yet the Debtor's schedules reveal an equity cushion of approximately $9,200.00 from which Village Green's lien could be satisfied, and the latter party has offered no proof to the contrary. Code § 362(g)(1). While this equity cushion continues to erode with the passage of time, Village Green has not offered any compelling evidence why the Court should lift or modify the automatic stay, insofar as it protects the equity of the Debtor, earlier than its statutory expiration at the time the Debtor's discharge is either granted or denied. Code § 362(a)(5) and (c)(2)(C). In the absence of evidence to the contrary, the Court believes the present equity cushion adequately protects Village Green's interest in the Debtor's property.

As a consequence of the foregoing, it is

ORDERED:

1. Debtor's motion seeking to avoid the fixing of the statutory lien held by Village Green is denied.

2. Village Green's motion seeking relief from the automatic stay is denied without prejudice.