Dorothy Saligoe SCHMIT,
Plaintiff–Appellee,

v.

UNITED STATES of America,
Defendant–Appellant.

No. 88–15555.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 11, 1989 *.

Decided Dec. 15, 1989.

Opinion Issued Feb. 16, 1990.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

James I.K. Knapp, Acting Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellant.

Edward J. Hanigan, Edwards, Kolesar, Toigo & Sewell, Las Vegas, Nev., for plaintiff-appellee.

Before HALL, BRUNETTI and NOONAN, Circuit Judges.

BRUNETTI, Circuit Judge:

Plaintiff–Appellee Dorothy Schmit ("Schmit") brought an action in the federal district court pursuant to I.R.C. § 7426 to enjoin Defendant–Appellant United States from levying against her home for unpaid taxes and to adjudge the tax lien wrongful and order it released. The taxes are owed by Schmit's now deceased former husband, Joseph Saligoe ("Saligoe").

Schmit's home was purchased entirely with Schmit's separate property, but title was recorded in the name of Schmit and her husband as joint tenants. In 1980, Schmit and her husband were divorced, and the state divorce court ruled that the home was primarily Schmit's separate property and awarded the home to her. On January 24, 1986, the Nevada court entered Amended Findings of Fact, Conclusions of Law, and Decree of Divorce Nunc Pro Tunc and held that the property "was and is the sole and separate property" of Schmit.

On the basis of stipulated facts contained in the proposed joint pretrial order, the federal district court agreed with the state court that the home was always Schmit's separate property and granted Schmit's motion for summary judgment 688 F.Supp. 1466. The United States appeals, arguing that under 28 U.S.C. § 1738 the district court improperly gave issue preclusive effect to the state court judgment.

Appellee's motion to supplement the record with the proposed joint pretrial order is granted because the district court relied on the order in making its decision.

We review the district court's grant of summary judgment de novo. *Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989). This court may affirm on any ground that appears from the record before the district court, whether or not the district court relied on it. *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1313 (9th Cir.1989). Thus, we need not decide whether under 28 U.S.C. § 1738 the district court properly gave issue preclusive effect to the state court judgment, since we can affirm on other grounds.

■ Although the government can levy upon jointly owned property to collect taxes, the government's lien under I.R.C. § 6321 attaches only to the interest owned by the delinquent taxpayer. *United States v. Rodgers*, 461 U.S. 677, 691, 103 S.Ct. 2132, 2141, 76 L.Ed.2d 236 (1983). Whether the delinquent taxpayer has an interest in the property, and the extent of that taxpayer's interest, is governed by state law. *Id.* at 683, 103 S.Ct. at 437; *Aquilino v. United States*, 363 U.S. 509, 512–13, 80 S.Ct. 1277, 1279–80, 4 L.Ed.2d 1365 (1960).

Under Nevada law, a presumption of gift of one-half of the property's value arises where a spouse uses separate funds to acquire property in the names of the husband and wife as joint tenants. *Campbell v. Campbell*, 101 Nev. 380, 705 P.2d 154, 155 (1985); *Gorden v. Gorden*, 93 Nev. 494, 569 P.2d 397, 398 (1977). However, this presumption can be overcome by clear and convincing evidence that no gift was intended. *Id.*

■ In the instant case, the parties stipulated that Schmit initially acquired the property using only separate funds. Additionally, the undisputed evidence shows

that Schmit was very careful during the marriage to maintain a separate property bank account, and to make all monthly payments on the property from this account. The United States has offered no evidence supporting its position that the property was partially owned by Saligoe. These undisputed facts rebut the presumption of gift by clear and convincing evidence.

Like the Nevada state court, we hold that Schmit's home was always entirely her separate property under Nevada law. Regardless of the form of record title, Saligoe never had any actual interest in Schmit's home. Thus, the government's lien never attached to the property, and the government cannot levy upon the property.

AFFIRMED.