**In re David March RAIHL and June Shirley Raihl, Debtors.**

**David March RAIHL and June Shirley Raihl, Appellants,**

**v.**

**UNITED STATES of America and William Barstow, Trustee, Appellees.**

BAP No. AK–91–2200–RMJ.

Bankruptcy No. A90–00786–DMD.

Adv. No. A90–00786–001.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on Jan. 21, 1993.

Decided April 6, 1993.

Erik Leroy, Anchorage, AK, for appellants.

Robert Branman, Washington, DC, for appellees.

Before RUSSELL, MEYERS, and JONES, Bankruptcy Judges.

## OPINION

BARRY RUSSELL, Bankruptcy Judge:

The debtors appeal the bankruptcy court's decision to allow the attachment of a federal tax lien on the debtors' interest in a vested company pension plan. AFFIRMED.

## I. FACTS

The facts are not in dispute. In 1979, Debtor–Appellants David M. Raihl ("Raihl") and June S. Raihl, husband and wife (the "Raihls"), had invested the majority of their savings in limited partnerships.

The Raihls filed personal tax returns for the years 1980, 1981, 1983, 1984 and 1986, taking deductions in the amounts directed by the relevant general partner.

Beginning in 1987 the IRS began adjusting the Raihls' tax returns for the above-listed years based upon adjustments that the IRS had made to the returns of the partnerships in which the Raihls had invested. The IRS began to assess taxes against the Raihls in August 1988. On May 18, 1989 the IRS filed a notice of the tax lien in the Anchorage Recording District for taxes, penalties and interest for the above-listed years totaling $76,455.

The Raihls filed a Chapter 7 [1] petition on August 9, 1990. The IRS was their major creditor. At the petition date, debtor David Raihl was 54 years old and had been employed by Alyeska Pipeline Service Co. ("Alyeska") since 1966. During his 25 years of service with Alyeska he participated in the company's Pension Plan and a 401(k) Savings and Investment Plan (the "plans"). The pension and savings plans are governed by standard restrictions common to such plans [2].

As of August 1, 1990 David Raihl had accumulated $99,767 in the Savings and Investment plan. The Pension plan would provide Raihl with approximately $2,550 a month in income upon normal retirement. The combined statement for both the Pension plan and the Savings and Investment plan indicate that Raihl is "100% vested" in each. The pre-petition federal tax liens total approximately $112,593.

The Raihls exempted their interests in the Alyeska Plans under Alaska Stat. § 09.38.017. The Trustee had withdrawn his objection to the debtors' claim of exemption in the plans.

The Raihls brought an adversary proceeding seeking a determination of the validity of the federal tax lien. The bank-

---

1. Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* and to the Federal Rules of Bankruptcy Procedure, Rules 1001 *et seq.*

2. For example, Raihl can only receive distributions from the Deferred Income Option compo-

nent and the Company Matching Contribution component upon reaching the age of 59 and ½, death, retirement or hardship. Raihl cannot sell his interest in the plans, nor is his interest transferable. There are also percentage limitations on employee contribution amounts.

ruptcy court found that even though the estate no longer claimed an interest in the plans, the matter was a core proceeding under 28 U.S.C. § 157(b)(2)(I), (K) and (O). The court denied the Raihls' motion for summary judgment, but granted the United States' cross-motion for summary judgment. The Raihls filed a timely notice of appeal. The IRS did not appeal.

## II. ISSUES

Whether the bankruptcy court erred in holding that a federal tax lien may attach to the debtors' interest in a retirement savings and pension plan.

## III. STANDARD OF REVIEW

The issue before us is solely a question of law which is reviewed *de novo*. *In re Bronner*, 135 B.R. 645, 646 (9th Cir. BAP 1992); *In re Kimura*, 969 F.2d 806, 810 (9th Cir.1992); *In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 245 (9th Cir. 1989).

## IV. DISCUSSION

■ 26 U.S.C. § 6321 [3] creates a lien for unpaid taxes in favor of the United States upon "all property and rights to property" of the debtor. This broad language "reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." *United States v. National Bank of Commerce*, 472 U.S. 713, 719–720, 105 S.Ct. 2919, 2923–24, 86 L.Ed.2d 565 (1985). The extent to which a federal tax lien can reach a taxpayer's property depends upon the nature of the taxpayer's interest, which interest is defined by state law. *Aquilino v. United States*, 363 U.S. 509, 512–513, 80 S.Ct. 1277, 1280, 4 L.Ed.2d 1365 (1960). The tax lien created by 26 U.S.C. § 6321 "creates no property rights, but merely attaches consequences, federally defined, to rights created under state law." *United States v. Bess*, 357 U.S. 51, 55, 78 S.Ct. 1054, 1057, 2 L.Ed.2d 1135 (1958). Federal law, howev-

er, determines whether state-created interests constitute property to which a federal tax lien can attach. *See National Bank of Commerce*, 472 U.S. at 727, 105 S.Ct. at 2927; *Bess*, 357 U.S. at 55, 78 S.Ct. at 1057; *In re Kimura*, 969 F.2d 806, 810 (9th Cir. 1992); *Terwilliger's Catering Plus, Inc.*, 911 F.2d 1168, 1178 (6th Cir.1990). "Were federal law not determinative of the classifier of the state-created interest, states could defeat the federal tax lien by declaring an interest not to be property, even though the beneficial incidents of property belie its classification." *Kimura*, at 810. "The federal statute relates to the taxpayer's rights to property and not to his creditors' rights." *National Bank of Commerce*, 472 U.S. at 727, 105 S.Ct. at 2927. Further, "a lien under section 6321 cannot extend beyond the interest held by the debtors." *Kimura*, at 811; *See, United States v. Rodgers*, 461 U.S. 677, 691, 103 S.Ct. 2132, 2141, 76 L.Ed.2d 236 (1983); *Schmit v. United States*, 896 F.2d 352, 353 (9th Cir.1989).

The Raihls argue that the interest held by David Raihl in the subject plans do not constitute property or property rights under state or federal law. Although Raihl concedes that he does have an interest in the subject pensions, he argues that the interest is insufficient to be considered "property" for purposes of the attachment of a federal tax lien. We disagree.

■ In Alaska, property is defined by statute and includes real and personal property. "Personal property" is defined in Alaska Stat. 01.10.060(9) to include money, goods, chattels, things in action, and evidences in debt.

■ Raihl clearly possesses such a property interest. Raihl had a fully vested interest in the Savings and Investment account which showed an amount of $99,767 as of August 1, 1990. Raihl had an interest in the Pension Plan which was also fully vested as of the petition date, the

---

**3.** 26 U.S.C. § 6321 provides in part:
   If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount ... shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

exact amount of which is subject to change depending upon whether Raihl takes early, normal or late retirement. While there are restrictions on immediate withdrawal[4], as are customarily found on pensions of these types, Raihl's interest nonetheless constitutes a "right to property." Raihl had a right to substantial pension payments immediately, at the time of the petition, if he should elect early retirement at that time. The subject plans hold a sum in trust, in a discrete account, in which Raihl has a present, vested interest. The plans contain no provision by which Raihl's interest could ever be distributed to other employees.

■ The "unqualified contractual right to receive property is itself a property right," even though the right to payment has not yet matured. *United States v. National Bank of Commerce*, 472 U.S. 713, 725, 105 S.Ct. 2919, 2927, 86 L.Ed.2d 565 (1985) (quoting *St. Louis Union Trust Co. v. United States*, 617 F.2d 1293, 1302 (8th Cir.1980)). The inalienability of the pension interests does not destroy their character as property or immunize the interest from the attachment of a federal tax lien. *United States v. Rye*, 550 F.2d 682, 685 (1st Cir.1977); *Leuschner v. First Western Bank and Trust Co.*, 261 F.2d 705, 708 (9th Cir.1958). The right to receive periodic payments is a right to which a tax lien may attach. *Fried v. New York Life Ins. Co.*, 241 F.2d 504, 505 (2nd Cir.) *cert. denied*, 354 U.S. 922, 77 S.Ct. 1382, 1 L.Ed.2d 1437 (1957). Further, ERISA qualified pension interests have been held to be "property or rights to property" within the meaning of 26 U.S.C. § 6321. *In re Perkins*, 134 B.R. 408 (Bankr.E.D.Cal.1991); *In re Reed*, 127 B.R. 244, 246 (Bankr. D.Haw.1991).

As the bankruptcy court noted, the Raihls erroneously rely on *Little v. United States*, 704 F.2d 1100, 1106 (9th Cir.1983) for a "two part test" to determine whether a property right exists. *Little* is not relevant here, it simply states the test developed in California to determine whether property or property rights arise under applicable California law. *Little* held that a federal tax lien attached to redemptive rights in real property and did not involve attachment to 401(k) plans. *Id.*

■ The Raihls also argue that the subject pensions are not property of the estate. Whether this property interest is property of the estate is another question entirely— one that is not relevant for this appeal. Essentially, the Raihls argue that because this pension qualifies as a spendthrift trust which is excluded from property of the estate[5] or is exempted from property of the estate, it cannot be subjected to a federal tax lien. We disagree. *See In re Perkins*, 134 B.R. 408 (Bankr.E.D.Cal.1991) (federal tax lien was enforceable against debtor's interest in a spendthrift trust irrespective of its exempt status). As the court stated in *Perkins*:

> [T]he Ninth Circuit has specifically held that while a spendthrift clause may be effective to shield attachment and levy by general creditors against a beneficiary's interest in a trust, such shield is unavailing to attachment and levy of a federal tax lien. *See Leuschner v. First Western Bank and Trust Co.*, 261 F.2d 705 (9th Cir.1958). In addition, Congress has expressly indicated that even where a debtor may choose to exempt rights to a pension under section 522(d)(10)(E)(iii), such exemption does not affect a federal tax lien.

*Perkins*, at 411. Section 522(c)(2)(B) provides that property exempted under § 522

---

4. The Pension Plan provides that Raihl may withdraw funds prior to retirement upon meeting the conditions of "hardship" defined as "immediate and heavy financial need" including (1) Purchase of a principal residence; (2) Amount necessary to prevent eviction or foreclosure of the principal residence; (3) Unreimbursed medical expense in the immediate family; (4) Postsecondary education of employee, spouse or dependent children.

5. The Raihls have exempted the subject plans from property of the estate by means of an affirmative claim of exemption under § 522. It is unclear whether the Raihls argued that the plans are excluded from property of the estate pursuant to § 541(c)(2) as spendthrift trusts in the bankruptcy court below. Even assuming arguendo that the plans are excluded from property of the estate this fact would be irrelevant to whether a federal tax lien attaches.

is subject to a tax lien. *See Perkins,* at 411.

█ The Raihls also assert that applicable Revenue Rulings and Treasury Regulations establish that the IRS cannot execute against a pension that is not in pay status. But execution is not at issue here, the attachment of a federal tax lien is. We hold that the Raihls' interest in the subject plans constitutes "property" or "rights to property" that are subject to a federal tax lien under 26 U.S.C. § 6321.

## V. CONCLUSION

The Raihls' interest in the subject plans constitute "property" or "rights to property" that are subject to a federal tax lien under 26 U.S.C. § 6321. We AFFIRM [6].

---

6. The IRS asserts on appeal that the bankruptcy court has no subject matter jurisdiction over this action. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(K) which specifically includes the determination of the validity, extent, or priority of liens. The bankruptcy court clearly has jurisdiction to deal with a debtor's avoidance of a lien on exempted property. *See* § 522(h). We note that the IRS is not an appellant in this case because it did not file a notice of appeal.