**In re Max Lanier SWAFFORD and Donna Gail Swafford, Debtors.**

**Bankruptcy No. A93–63544–JB.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Sept. 20, 1993.

H. Steve Abernathy, Conrad & Abernathy, Canton, GA, for debtors.

John W. Sheffield, III, U.S. Attorney's Office, Atlanta, GA, for United States of America.

Patricia Coote Garrett, Asst. Atty. Gen., Atlanta, GA, for Ga. Dept. of Revenue.

## ORDER

JOYCE BIHARY, Bankruptcy Judge.

This case involves a debtor's attempt to avoid valid tax liens under a number of provisions of the Bankruptcy Code, namely §§ 545(1)(D), 522(h), and 506(d). The Court concludes that the tax liens cannot be avoided.

Debtors filed motions to avoid liens of the Georgia Department of Revenue and the Internal Revenue Service ("IRS") on the debtors' interest in certain real property. The relevant facts are not in dispute. Debtors own a one-fifth interest in certain real property located in Pickens County, Georgia (the "Property"). On April 26, 1990, the IRS filed a lien on debtors' interest in the Property for unpaid federal taxes for the year 1987. Similarly, the Georgia Department of Revenue filed a lien in 1990 for unpaid taxes for 1986. The parties concede that the tax debts are dischargeable in bankruptcy.

Debtors filed this Chapter 7 case on March 5, 1993. They then filed the instant motions to avoid federal and state tax liens. The motions did not cite any authority or section of the Bankruptcy Code and simply alleged that the liens impaired debtors' exempt property and that the tax liens were fixed while the debtors were insolvent.

The IRS and the Georgia Department of Revenue filed responses opposing the motion, contending, among other things, (1) that debtors did not have the power to avoid tax liens, citing § 522(h) and § 545 of the Bankruptcy Code and (2) that a discharge in bankruptcy does not avoid a creditor's lien even if the underlying debt is dischargeable. The motions came on for hearing on July 27, 1993. After hearing brief argument from counsel, the Court gave debtors' counsel an opportunity to file a brief.

Debtors argue in their brief that they can avoid the tax liens under § 545(1)(D) of the Bankruptcy Code. That subsection provides as follows:

The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

(1) first becomes effective against the debtor—

(D) when the debtor becomes insolvent.

11 U.S.C. § 545(1)(D) (1988 & Supp. IV 1992).

Debtors argue that they were insolvent at the time both the IRS and the Georgia De-

partment of Revenue filed their liens and therefore the liens should be avoided. Debtors cite no authority for this broad application of § 545(1)(D), and the identical argument has been rejected by the courts in, *Leslie v. Commissioner (In re Leslie)*, 103 B.R. 775, 777 (Bankr.S.D.W.Va.1989); *Wisconsin v. Ludwig (In re Napco Graphic Arts, Inc.)*, 51 B.R. 757, 764 (Bankr.E.D.Wis.1985), *aff'd in pertinent part, rev'd in part; In re Napco Graphic Arts, Inc.*, 83 B.R. 558 (E.D.Wis.1988) (reversing on issue of collateral estoppel, affirming on all other issues); *In re Nentwick*, 79 B.R. 145 (Bankr.N.D.N.Y. 1987); *Howard v. Washington Hospital Center (In re Howard)*, 43 B.R. 135, 139 (Bankr. D.Md.1983); *Davis v. Internal Revenue Service (In re Davis)*, 22 B.R. 523 (Bankr. W.D.Pa.1981).

■ It is useful to put § 545 in perspective. Section 545 gives the trustee a separate, specific power to avoid certain kinds of statutory liens, and the "absolutely smallest class of statutory liens within the scope of § 545 is the class described in subsection (1): 'springing liens' that do not arise unless and until the debtor suffers a kind of financial stress" described in one of these sub-subsections of § 545(1). 2 David G. Epstein, et al., *Bankruptcy* § 6–62, at 140 (1992).

> Significantly, section 545(1) is not satisfied simply because a statutory lien attaches to the debtor's property when she is insolvent or after the occurrence of other events described in subsection (1). The requirement is met only if the lien arises (i.e., is made effective) because of (i.e., due to) the debtor's insolvency or the happening of any of the other described events. State statutes providing for this class of liens have almost entirely vanished because federal law has for so long condemned them as impermissible local efforts to circum-

vent federal priorities for paying creditors' claims in bankruptcy.

*Id.* at 141.

The tax liens here did not arise or attach because of the debtors' insolvency, and the liens are not avoidable under § 545(1)(D).

■ Debtors' argument that they can avoid these liens under § 522(h) is also without merit for several reasons. First, nothing in § 522(h) allows a debtor to avoid tax liens on exempt property. Section 522(h) only allows the debtor to bring an action that the trustee could have brought to avoid a transfer under one of the trustee's avoiding powers (§§ 544, 545, 547, 548, 549, or 724(a) of the Bankruptcy Code) if the debtor could have exempted the property under § 522(g)(1) had the trustee avoided the transfer. Here, assuming the Property at issue was claimed as exempt, debtors have not shown that the trustee could avoid the tax liens under any of the trustee's avoiding powers. Second, there is a question whether debtors ever properly claimed the Property as exempt. Third and most importantly, § 522(c)(2)(B) makes it clear that exempt property remains subject to properly filed tax liens.[1] *See Koppersmith v. United States (In re Koppersmith)*, 156 B.R. 537 (Bankr. S.D.Tex.1993); *In re Williams*, 109 B.R. 179 (Bankr.W.D.N.C.1989); *In re Mattis*, 93 B.R. 68 (Bankr.E.D.Pa.1988); and *Gerulis v. United States Internal Revenue Service (In re Gerulis)*, 56 B.R. 283, 288 (Bankr.D.Minn. 1985). *See also Isom v. United States (In re Isom)*, 901 F.2d 744, 745 (9th Cir.1990) (where the court held the IRS is not required to release valid tax liens when the underlying tax debt is discharged in bankruptcy).

■ Debtors cite the case of *Crawford v. United States (In re Crawford)*, 115 B.R. 381 (Bankr.N.D.Ga.1990), which allowed the debtor to avoid a portion of a tax lien under § 506(d) of the Bankruptcy Code to the extent the lien exceeded the value of the debt-

---

1. Section 522(c)(2)(B) provides as follows:

(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except—

(2) a debt secured by a lien that is—
(B) a tax lien, notice of which is properly filed.

11 U.S.C. § 522(c)(2)(B) (Supp. IV 1992).

or's interest in his residence. *Crawford* is no longer good law regarding § 506(d). *Crawford* was decided before the Supreme Court case of *Dewsnup v. Timm*, — U.S. —, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). The court in *Crawford* applied § 506(d), relying on *Folendore v. United States Small Business Administration (In re Folendore)*, 862 F.2d 1537 (11th Cir.1989), but *Dewsnup* effectively overruled *Folendore*. *See In re Windham*, 136 B.R. 878, 882 n. 6 (Bankr. M.D.Fla.1992). In *Dewsnup*, the Supreme Court held that 11 U.S.C. § 506(d) does not allow a debtor to "strip down" a lien to the value of the collateral determined in accordance with § 506(a). In *In re Warner*, 146 B.R. 253, 255 (N.D.Cal.1992), the court applied *Dewsnup* and rejected the debtor's attempts to void a portion of a tax lien under § 506(d). *See also United States v. Koppersmith (In re Koppersmith)*, 156 B.R. 537 (Bankr.S.D.Tex.1993).

 Finally, debtors argue that they should be allowed to avoid these tax liens, because the real property against which these liens were filed is held in a joint tenancy by the debtors with four other individuals. Debtors argue that allowing these liens to remain will permit the IRS and the Georgia Department of Revenue to collect their tax debts from non-debtors. Debtors cite no authority for their argument. A properly filed federal tax lien attaches to the taxpayer's interest in property, even when it is an undivided partial interest. *United States v. Safeco Ins. Co. of America, Inc.*, 870 F.2d 338, 341 (6th Cir.1989). Further, to the extent it can obtain a consensual or forced sale, a taxing authority can recover the value of the taxpayer's interest, but other co-owners are entitled to their share of the proceeds. *See e.g. Schmit v. United States*, 896 F.2d 352 (9th Cir.1989); *In re Weninger*, 119 B.R. 238, 241 n. 8 (Bankr.D.Colo.1990). Accordingly, there is no danger that these taxing entities can seize the interests owned by third parties to satisfy debtors' tax liabilities.

In accordance with the above reasoning, debtors' motions to avoid liens of the Georgia Department of Revenue and of the IRS are DENIED.

IT IS SO ORDERED.