**In re Richard Edgar SAVAGE, Debtor.**

**Richard Edgar SAVAGE, Movant,**

**v.**

**The UNITED STATES of America Acting By and Through Its Agency the Internal Revenue Service, Respondent.**

**Bankruptcy No. 96–12728.**

United States Bankruptcy Court, S.D. Georgia, Augusta Division.

Nov. 13, 1997.

J. Benjamin Kay, III, Augusta, GA, for Movant.

Brian P. Kaufman, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for Respondent.

---

### ORDER

JOHN S. DALIS, Chief Judge.

Richard E. Savage filed this case under Chapter 7 of Title 11, United States Code. In adversary proceeding *Richard Edgar Savage v. The United States of America,* No. 97–01019A a consent order was entered determining the personal liability of the debtor for all unpaid assessments, taxes, penalties, interest, and statutory additions of individual income taxes to the Internal Revenue Service of the United States ("IRS") for the periods ending 12/31/86, 12/31/87, 12/31/88, and 12/31/89 discharged in this case on September 11, 1997. Richard E. Savage now moves to avoid the discharged tax liability lien, alleging that the lien does not survive the discharge in this case, and impairs Debtor's exempted property under 11 U.S.C. § 522(b) and Official Code of Georgia Annotated (O.C.G.A.) § 44–13–100.

The issue presented is whether the portion of the properly filed IRS lien for penalties and other statutory additions are avoidable to the extent the lien encumbers the Debtor's claimed exempt property. There is no dispute that the lien of the IRS was properly filed or that the Debtor's claim of exemption is proper. While Debtor argued at hearing that all aspects of the federal tax lien were avoidable, in briefs submitted in support of the motion "assume[d] for the sake of argument," that the tax portion of the lien was not avoidable. Therefore, I address only that portion of the lien involving penalties and statutory additions and assume the tax portion is not avoided.

The Debtor asserts that pursuant to 11 U.S.C. § 522(h) [1] the Debtor may avoid a lien on his property to the extent that he could have exempted such property under 11 U.S.C. § 522(g)(1) [2] if the trustee had avoided such transfer to the extent that the lien is avoidable by the trustee under 11 U.S.C. § 724(a) [3] and the trustee had not attempted to avoid such lien. The trustee in this case could have avoided the portion of the IRS lien for penalties and statutory additions that secured a claim of the kind specified in 11 U.S.C. § 726(a)(4) [4] but the trustee did not attempt to do so. The Debtor's analysis ignores § 522(c)(2) [5].

---

1. 11 U.S.C. § 522(h). Exemptions.

   (h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—
   (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
   (2) the trustee does not attempt to avoid such transfer. .

2. 11 U.S.C. § 522(g)(1).

   Notwithstanding § 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under §§ 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—
   (1)(a) such transfer was not a voluntary transfer of such property by the debtor; and
      (b) the debtor did not conceal such property; or
   (2) the debtor could have avoided such transfer under section (f)(2) of this section.

3. 11 U.S.C. § 724. Treatment of certain liens.

   (a) The trustee may avoid a lien that secures a claim of a kind specified in section 726(a)(4) of this title.

4. 11 U.S.C. § 726(a)(4). Distribution of property of the estate

   (a) Except as provided in section 510 of this title, property of the estate shall be distributed—
   (4) fourth, in payment of any allowed claim, whether secured or unsecured for any fine, penalty, or forfeiture, or for multiple, exemplary, or punitive damages, arising before the earlier of the order for relief or the appointment of a trustee, to the extent that such fine, penalty, forfeiture, or damages are not compensation for actual pecuniary loss suffered by the holder of such claim.

5. 11 U.S.C. § 522(c)(2).

   (c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except—
   (2) a debt secured by a lien that is—
      (A)(i) not avoided under subsection (f) or (g) of this section or under sections 544, 545, 547, 548, 549 or 724(a) of this title; and
         (ii) not void under section 506(d) of this title; or
      (B) a tax lien, notice of which is properly filed. . . .

Section 522(c)(2)(A) supports the Debtor's analysis as it generally applies to any fine, penalty, or forfeiture or for multiple, exemplary, or punitive damages that are not compensation for actual pecuniary loss suffered by the holder of the claim. Section 522(c)(2)(A) establishes that property claimed as exempt by the debtor remains liable for any prepetition debt of the kind described under § 726(a)(4), a non-compensatory penalty, if not avoided under § 724(a). Following the Debtor's argument, to the extent that the lien is of the type described under § 724 and therefore § 726(a)(4) is avoidable under § 522(h) and (g), the exempt property is no longer liable on the claim. However, the analysis must continue and consider the limitations places upon the general provisions of § 726(a)(4) dealing with "any fine, penalty, or forfeiture," by the specific exception under § 522(c)(2)(B) pertaining to tax liens.

Debtor argues that the tax penalties and statutory additions portion of the IRS tax lien are not "tax liens" under § 522(c)(2)(B). However, penalties are part of the "tax liens" covered by this section. *In re DeMarah*, 62 F.3d 1248, 1251 (9th Cir.1995). Tax liens encompass all taxes and penalties, because nothing within the text of the section divides the tax lien into separate components, "[n]or does the Internal Revenue Code distinguish between the tax and any penalty or interest when it provides for the imposition of liens. It says:

> If any person liable to pay any tax neglects or refuses to pay that same after demand, the amount (*including any* interest, additional amount, addition to tax, or accessible *penalty,* together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether

real or personal, belonging to such person. 26 U.S.C. § 6321 (emphasis added).

> . . . "

Id. at 1251–1252.

Therefore, the entire amount of the IRS lien comprises its "tax lien." *Id.* As a result, the exempt property remains subject to the tax liens which include tax penalty debts by the clear text of this section. *In re Swafford*, 160 B.R. 246, 248 (Bankr.N.D.Ga.1993); *In re Rench*, 129 B.R. 649, 651 (Bankr.D.Kan. 1991); *In re Gerulis*, 56 B.R. 283, 287–88 (Bankr.D.Minn.1985). Section 522(c)(2)(B) specifically excepts tax liens from the effect of the general provision of § 522(c)(2)(A) and the avoidance provisions of § 724(a) as it pertains to any non-compensatory fine, penalty or forfeiture. *D. Ginsberg & Sons v. Popkin*, 285 U.S. 204, 208, 52 S.Ct. 322, 323, 76 L.Ed. 704 (1932) ("Specific terms prevail over the general in the same or another statute which otherwise might be controlling."); *Castaneda–Gonzalez v. Immigration & Naturalization Serv.*, 564 F.2d 417, 423 (D.C.Cir.1977) ("a specific [subsection] provision prevails over a more general [section]").

It is therefore ORDERED that Debtor's Motion to Avoid Lien of the Internal Revenue Service of the United States of America for unpaid assessments, taxes, penalties, interest and additions to the extent the liens encumber the property claimed as exempt is denied.