**In re Arthur Louis EAKIN and Dian Kay Eakin, Husband and Wife, Debtors.**

Bankruptcy No. 92–01441–7.

United States Bankruptcy Court, D. Idaho.

April 1, 1993.

Kenneth S. Bridgeman, Coeur d'Alene, ID, for debtors.

Edward W. Kok, Lukins & Annis, Coeur d'Alene, ID, for creditor Beneficial Idaho, Inc.

### MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

Arthur and Dian Eakin, formerly debtors in bankruptcy ("debtors"), have reopened their chapter 7 closed case and move for civil contempt sanctions against Beneficial Idaho, Inc. ("Beneficial"). The debtors had been discharged in the previous chapter 7 case and now seek to have Beneficial held in contempt for attempting to foreclose on their mobile home. Beneficial contends its attempt to enforce its lien was not in violation of the debtors' discharge.

Beneficial granted a loan to the debtors in 1991, and received in exchange a security interest in the debtors' mobile home. While a security agreement was signed between the parties, Beneficial's security interest was not recorded on the mobile home certificate of title. Debtors filed for protection under chapter 7 of the Bankruptcy Code in the spring of 1992. Beneficial was listed as an unsecured creditor in the debtors' schedules. Beneficial received notice of the filing, but did not file a proof of claim. Debtors received their discharge on August 11, 1992.

On December 4, 1992, Beneficial filed an action in state court to foreclose its security interest. The debtors then reopened their case and filed their motion.

The debtors contend the bankruptcy discharge relieved them not only of their personal liability for the debt, but that the unperfected security interest was also invalidated. Beneficial admits the debtors have no personal liability for the discharged debt; it asserts, however, that the lien was not invalidated by the discharge.

The essence of debtors' argument turns on section 506(d) of the Bankruptcy Code.[1] Debtors contend the lien was rendered void under this subsection because it was not perfected.

■ A lien that is not an allowed secured claim is void under section 506, *unless* the reason the lien is not an allowed secured claim is that no proof of claim was filed. 11 U.S.C. § 506(d)(2). In other words, if a lien is voided, it must be for some reason other than the fact no proof of claim was filed. Valid, perfected liens survive a discharge regardless of whether a proof of claim is filed. *Koski v. Seattle First Nat'l Bank (In re Koski)*, 149 B.R. 170, 172 (Bankr.D.Idaho 1992) (citing cases); *General Motors Acceptance Corp. v. Sawyer (In re Sawyer)*, 18 B.R. 661, 82 I.B.C.R. 44, 45 (Bankr.D.Idaho 1982) (citing cases).

Debtors argue the lien could not be an allowed secured claim regardless of whether a proof of claim was filed because the lien was unperfected.

■ Section 544 permits the trustee to avoid certain transactions, if those transactions could be avoided by a hypothetical lien creditor as of the date of bankruptcy.[2] Exercise of the avoidance powers under 544 requires the filing of an adversary proceeding. Fed.R.Bankr.P. 7001; 9 Lawrence P. King, *Collier on Bankruptcy* ¶ 7001.05[1], at 7001–13 (15th ed. 1993). Debtors' interpretation of section 506(d) would give the benefits of such avoidance to the debtors, and not to the debtors' creditors. The *trustee* has these avoiding powers.[3] Moreover, debtors' interpretation of the statute would negate the need to file an adversary proceeding to exercise avoidance powers, since those powers would automatically be exercised upon the grant of a discharge.

"This Court finds that unavoided liens are enforceable after the automatic stay is terminated by discharge; thus, creditors with unavoided or unvoided liens retain their in rem rights." *Polk County Fed. Sav. & Loan Ass'n v. Weathers (In re Weathers)*, 15 B.R. 945, 950 (Bankr.D.Kan. 1981). *See also Estate of Lellock v. Prudential Ins. Co. of America*, 811 F.2d 186, 189 (3d Cir.1987) ("[V]alid liens that have not been disallowed or avoided survive the bankruptcy discharge of the underlying debt"); *Chandler Bank of Lyons v. Ray*, 804 F.2d 577, 579 (10th Cir.1986) ("[F]or sections in the Code which relate to automatic stays and to lien avoidance to have any substance at all necessarily leads to the conclusion that unavoided liens pass through § 506(d) without action by the lienholder").

■ Thus, a valid security interest passes through a bankruptcy filing unaffected even if the lien could have been avoided so long as the lien was not in fact avoided.

■ Beneficial was acting within its rights when it sought to enforce its security interest in the mobile home. There are

1. Section 506 provides:
   (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—
   (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
   (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.
   11 U.S.C. § 506(d).
2. Section 544 provides in its pertinent part:
   (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
   (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
   . . . .
   11 U.S.C. § 544(a)(1).
3. Section 522 provides that the debtor does have the power to exercise avoidance powers in certain instances. This grant of avoidance powers would also be rendered meaningless under the debtors' proposed interpretation, since a debtor would not have to meet the limiting conditions of section 522 to avoid a lien.

no grounds to hold Beneficial in contempt or to stay its actions to foreclose the lien.

A separate order will be entered.