**In re Arthur Louis EAKIN and Dian Kay Eakin, Husband and Wife, Debtors.**

**Arthur Louis EAKIN and Dian Kay Eakin, Husband and Wife, Plaintiffs,**

v.

**BENEFICIAL IDAHO, INC., Defendant.**

**Bankruptcy No. 92–01441.**

**Adv. No. 93–6078.**

United States Bankruptcy Court, D. Idaho.

June 17, 1993.

Kenneth S. Bridgeman, Coeur d'Alene, ID, for plaintiffs.

Edward W. Kok, Lukins & Annis, Coeur d'Alene, ID, for defendant.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

Defendant Beneficial Idaho, Inc. ("Beneficial") moves to dismiss this adversary proceeding commenced by Arthur and Dian Eakin ("debtors"), to avoid a lien of Beneficial. For the reasons hereafter stated, Beneficial's motion is granted.

This adversary proceeding represents an attempt to avoid Beneficial's lien against the debtors' mobile home. The facts as alleged are as follows. Debtors allege that Beneficial obtained a consensual lien

against the debtors' home, but did not properly perfect that lien. Debtors subsequently filed a petition under chapter 7 of the Bankruptcy Code, and listed the home as exempt; no objection to the claim of exemption was filed. Debtors received their discharge on August 11, 1992. Beneficial then filed an action in state court to enforce its lien. Debtors moved to reopened their chapter 7 case and moved for an order of contempt against Beneficial, which this Court denied. *In re Eakin*, 153 B.R. 59 (Bankr.D.Idaho 1993). Debtors then filed this adversary proceeding.

■ Beneficial first moves to dismiss the complaint on the grounds this Court lacks subject matter jurisdiction. Beneficial bases this contention on the fact the debtors seek to avoid the lien on exempt property. Because the property is exempt, "then the property is not property of the [e]state, it belongs to the debtor, and a bankruptcy court does not have subject matter jurisdiction to hear this case." Memorandum [of Beneficial in Support of Motion to Dismiss], at 5 (filed April 29, 1993). This is incorrect, as the Bankruptcy Appellate Panel for the Ninth Circuit recently noted. *Raihl v. United States (In re Raihl)*, 152 B.R. 615, 619 n. 6 (9th Cir.B.A.P.1993) ("The bankruptcy court clearly has jurisdiction to deal with a debtor's avoidance of a lien on exempted property") (adversary proceeding to determine validity of federal tax lien against pension and savings plans exempt from property of the estate).

■ Debtors cannot proceed under either section 522(h) or section 522(f). Section 522(f) only permits a debtor to avoid judicial liens, or nonpossessory nonpurchase money security interests in certain types of exempt property.[1] The mobile home does not fall within the listed types of exempt property, and this lien is a consensual lien, not a judicial lien. Debtors concede they cannot proceed under section 522(h), because of the consensual nature of the lien. These are the only sections under which a debtor, as opposed to a trustee, may avoid a lien. *See Jardine v. Bennett's Eastside Paint and Glass (In re Jardine)*, 120 B.R. 559, 562 (Bankr.D.Idaho 1990) (in chapter 13 case, if debtor could not avoid transfer under section 522(f) or 522(h), debtor had no standing to avoid lien).

Debtors base their argument on the provisions of section 522(c).[2] This section, they argue, permits them to avoid the lien by operation of section 506(d). The Court rejects this contention. In the case of *Dewsnup v. Timm*, — U.S. —, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), the Supreme Court held a chapter 7 debtor cannot use section 506(d) to "strip down" a lien on property to the value of the property itself. Because the debtors cannot "strip down" the lien under section 506(d), they do not fall within the requirement of section 522(c)(2)(A)(ii). Nor can the debtors avoid the lien under any of the avoidance provisions listed in section 522(c)(2)(A)(i), for the

1. Section 522(f) provides:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(1) a judicial lien; or
(2) a nonpossessory, nonpurchase-money security interest in any—
(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;
(B) implements, professional books, or tools of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.
11 U.S.C. § 522(f).

2. Section 522(c) provides in part:

Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except—
 * * * * * *
(2) a debt secured by a lien that is—
(A)(i) not avoided under subsection (f) or (g) of this section or under section 544, 545, 547, 548, 549, or 724(a) of this title; and
(ii) not void under section 506(d) of this title;

11 U.S.C. § 522(c)(2)(A).

reasons stated in the *Jardine* case (*i.e.*, no standing). To the extent the debtors are attempting to (re)argue that section 506(d) invalidates the lien because the lien was unperfected, the Court rejects this for the reasons stated in the previous *Eakin* decision.[3] The debtors have thus failed to state a claim upon which relief can be granted. F.R.C.P. 12(b)(6), made applicable here by F.R.B.P. 7012(b).

A separate order will be entered.

---

**3.** In *Eakin,* this Court noted that a lien, even though unperfected, was not affected by bankruptcy unless avoided. 153 B.R. at 60. Since the debtors cannot exercise avoidance powers relative to this lien, the lien is and will remain valid even though it is unperfected.