In re Jared Ezra LASKIN, and Gail Ann Laskin, Debtors.

Jared Ezra LASKIN, Appellant,

v.

FIRST NATIONAL BANK OF KEYSTONE; City Mortgage Services, Appellees.

BAP No. CC–97–1655–BJO.
Bankruptcy No. SV 97–11948–GM.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

June 30, 1998.

Jared Ezra Laskin, North Hills, CA, Pro se.

Before BRANDT, JONES, and OLLASON, Bankruptcy Judges.

## OPINION

BRANDT, Bankruptcy Judge.

The bankruptcy court denied the Chapter 7[1] debtors' uncontested motion to avoid a totally unsecured second deed of trust on their residence for lack of case law support. We AFFIRM.

## I.  BACKGROUND

The debtors, Jared Ezra Laskin and Gail Ann Laskin ("Laskins" or "debtors"), filed for Chapter 7 relief on 13 February 1997.  In their Schedule A, the Laskins listed a residence located at 16423 Lassen Street, North Hills, California, with a market value of $165,000.  Schedule D lists a first deed of trust for $170,841.93 in favor of Countrywide Home Loans, and a second deed of trust for $24,076.00 held by City Mortgage Services (servicer for First National Bank of Keystone).  Although the property is listed on Schedule C, the Laskins listed the value of their exemption as $0.00, noting in the column reserved for the exemption statute "no equity."  A no-asset report was filed on 24

---

**1.** Absent contrary indication, all section and chapter references are to the Bankruptcy Code, 11 U.S.C., and all "Rule" references are to the Federal Rules of Bankruptcy Procedure. "FRCP" references are to the Federal Rules of Civil Procedure.

March 1997, and a discharge order was entered on 9 June 1997.

On 12 May 1997 the Laskins, through counsel, filed a motion to avoid the second deed of trust under 11 U.S.C. § 506(d), relying on a number of Chapter 13 cases holding that junior liens may be "stripped off" (avoided) when a senior lien exceeds the value of the property. The Laskins contended that *Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), which prohibits stripping off a partially unsecured lien under § 506(d) by a Chapter 7 debtor, does not apply to a totally unsecured lien. The debtors did not propose to redeem or dispose of the property, nor did they seek to value the claim.

Neither the creditor, First National Bank of Keystone ("Keystone"), nor the loan servicer, City Mortgage Services, filed a response or appeared in the bankruptcy court. Neither of them appeared in this appeal.

The bankruptcy court denied the Laskins' motion, stating "case law does not support Movant's position." As debtor Jared Laskin ("Laskin" or "debtor"), an attorney and the sole Trustor/Borrower under the deed of trust at issue, appeals *in propria persona*.

## II. ISSUES

Whether the failure to comply with Rules 7001 and 7004 warrants dismissal of this appeal.

Whether debtors have standing to bring a motion to avoid lien under Bankruptcy Code § 506(d).

Whether debtors can use § 506(d) to strip off a junior lien on their residence, when the senior lien exceeds the market value of the real property.

## III. STANDARD OF REVIEW

■ A bankruptcy court's conclusions of law are reviewed de novo. *Lam v. Investors Thrift (In re Lam)*, 211 B.R. 36, 38 (9th Cir. BAP 1997).

## IV. DISCUSSION

### A. *Procedural Questions.*

Two procedural issues arose upon our review of the record:

■ First, this matter arguably should have been brought as an adversary proceeding under Rule 7001(2) to determine the validity, priority or extent of a lien. Rule 4003(d), allowing lien avoidance by motion (as a contested matter) by its terms applies only to § 522(f), inapplicable to a consensual lien on real property. However, if a party has proceeded by motion and the record has been adequately developed, courts have reached the merits of the dispute despite the procedural irregularity. *E.g., In re Braniff Int'l. Airlines, Inc.*, 164 B.R. 820, 831 (Bankr. E.D.N.Y.1994), *appeal decided* by 101 F.3d 686 (2d Cir.1996). Here, although the record is one-sided, for the lienholder did not respond to the motion, it is adequate.

■ Second, the service of the motion on City Mortgage did not comply with Rule 7004(h), in that it was simply directed to "City Mortgage Services," and not to any officer or agent. This defect is not fatal, as no relief was sought against that entity.

### B. *Standing.*

■ Does Laskin have standing to avoid a lien under § 506(d)? Section 506(d) does not explicitly confer an avoiding power on a Chapter 7 debtor. *Oregon v. Lange*, 120 B.R. 132, 134 (9th Cir. BAP 1990); *Eakin v. Beneficial Idaho, Inc. (In re Eakin)*, 156 B.R. 59 (Bankr.D.Idaho 1993). In *Eakin*, Judge Hagan denied the Chapter 7 debtors' motion to avoid a consensual lien against an exempt mobile home on the basis that they lacked standing, concluding that the only lien avoidance powers granted debtors (as opposed to trustees) are found in §§ 522(f) and 522(h). *Eakin*, 156 B.R. at 60 (citing *Jardine v. Bennett's Eastside Paint and Glass (In re Jardine)*, 120 B.R. 559, 562 (Bankr.D.Idaho 1990)). The Eakins could not proceed under § 522(f), which permits avoidance only of judicial liens or nonpossessory, nonpurchase-money security interests in certain exempt personal property, nor could they proceed under § 522(h), which

does not apply to consensual liens. Judge Hagan also rejected the debtors' argument that § 522(c) permitted them to avoid a lien by operation of § 506(d), citing *Dewsnup*'s prohibition on lien stripping, and noting that debtors still had no standing under § 522(c). *Eakin*, 156 B.R. at 60–61. *See also In re Brown*, 113 B.R. 318 (Bankr.W.D.Tex.1990)(dismissing for lack of subject matter jurisdiction where debtors lacked standing because no provision of Bankruptcy Code permitted debtors, as opposed to the trustee, to avoid consensual liens on their home).

The standing issue highlights the basic flaw in Laskin's position: there is no predicate for the motion to avoid the lien. In *Dewsnup*, the only Chapter 7 case cited by Laskin, the debtors' standing was apparently not questioned, because they sought to redeem property. *In re Dewsnup*, 908 F.2d 588, 589 (10th Cir.1990), and 87 B.R. 676, 677 (Bankr.D.Utah 1988). In the cases cited by Laskin, the debtors had standing either as Chapter 13 plan proponents or as objectors to the secured status of the claimants. Section 1321 requires Chapter 13 debtors to file plans, and § 502(a) permits parties in interest to object to claims; the latter term comprehends debtors. *See* § 1109(b) and Rule 2014(g).

Indeed, other than in subsection (c), here inapplicable, § 506 confers no standing on anyone. As we have previously stated, " § 506(d) provides the avoidance consequences of implementing a host of discrete powers conferred in other parts of the Code rather than acting as an avoiding power per se." *Lange*, 120 B.R. at 135. In *Dewsnup*, the Supreme Court implicitly adopted this analysis, stating that § 506(d) serves "the simple and sensible function of voiding a lien whenever a claim secured by the lien itself has not been allowed." *Dewsnup*, 502 U.S. at 415–16, 112 S.Ct. 773. The Laskins had no standing to bring the avoidance motion.

### C. *Strip off in Chapter 7.*

█ Even if the Laskins had standing—a question that has not been decided by the Ninth (or any other) Circuit—we conclude that *Dewsnup* nevertheless bars the relief debtors seek.

Laskin argues that *Dewsnup*'s prohibition on lien stripping in Chapter 7 cases does not apply when a lien is completely unsecured, relying on a number of Chapter 13 cases: *In re Geyer*, 203 B.R. 726 (Bankr.S.D.Cal.1996); *Matter of Sanders*, 202 B.R. 986 (Bankr. D.Neb.1996); *In re Lee*, 177 B.R. 715 (Bankr. N.D.Ala.1995); *In re Mitchell*, 177 B.R. 900 (Bankr.E.D.Mo.1994); *In re Woodhouse*, 172 B.R. 1 (Bankr.D.R.I.1994); and *In re Lee*, 161 B.R. 271 (Bankr.W.D.Okla.1993). Additionally, we recently allowed a Chapter 13 debtor to strip off a completely unsecured fourth deed of trust, reasoning that stripping off an "unsecured lien" does not modify the creditor's rights in violation of § 1322, because, by virtue of being unsecured, the creditor's state law rights "are empty rights from a practical, if not a legal, standpoint," and "[i]f a lien has no 'security' interest in the property of a debtor, its status as a lien is questionable." *Lam*, 211 B.R. at 40.

Every one of the Chapter 13 cases Laskin cites, and *Lam*, deals with a claims allowance process—specifically, whether the claim in question is protected from modification (as secured only by debtor's residence) by § 1322(b)(2). Those authorities do not support the free-standing lien avoidance sought here. Laskin overlooks § 1322(b)(2), which provides that a Chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence ...," and misses that "secured" in § 1322(b)(2) is defined by reference to § 506(a) (providing for bifurcation of a claim into its secured and unsecured portions), *Lam*, 211 B.R. at 40 (citing, among others, *Nobelman v. American Savings Bank*, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228, (1993)), while "secured" in § 506(d) is not. *See Dewsnup*, 502 U.S. at 417, 112 S.Ct. 773. Laskin also overlooks § 1325(a)(5)(B)(ii), which requires the determination of secured claims in the confirmation of Chapter 13 plans. There are no equivalent provisions in Chapter 7, nor is there any purpose for claim allowance in a no-asset case under that chapter.

In contrast to Chapter 13, where claims must be allowed or disallowed to determine what gets paid through the plan, and the would-be secured creditor whose claim is allowed only as unsecured gets paid as an unsecured creditor, the allowance of a secured claim, or determination of secured status is meaningless in a Chapter 7 where the trustee is not disposing of the putative collateral. In *Dewsnup*, the Supreme Court held that § 506(d), which provides "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void ...," does not allow a Chapter 7 debtor to "strip down" a partially secured lien when the creditor's claim is secured by a lien and has been fully allowed pursuant to § 502. *Id.* at 417, 112 S.Ct. 773. Instead, § 506(d) serves the function of voiding a lien when the claim it secures has not been allowed. *Id.* at 415–16, 112 S.Ct. 773.

■ There are two reported Chapter 7 cases in which the lien sought to be avoided was totally, as opposed to partially, unsecured; both reached the result Laskin urges. Oddly, he did not cite *In re Howard*, 184 B.R. 644 (Bankr.E.D.N.Y.1995); the second, *In re Yi*, 219 B.R. 394 (E.D.Va.1998) was decided after his brief was submitted. In neither *Howard* nor *Yi* does the court indicate whether there was any prior claim allowance proceeding. Both conclude that, since there was no equity to which the lien in question could attach and there could be no secured claim under § 506(a), the lien could therefore be avoided under § 506(d). With all respect to those courts, we think that analysis reverses the statutory process. *Dewsnup* teaches that, unless and until there is a claims allowance process, there is no predicate for voiding a lien under § 506(d). Absent either a disposition of the putative collateral or valuation of the secured claim for plan confirmation in Chapter 11, 12 or 13, there is simply no basis on which to avoid a lien under § 506(d).

Further, whether the lien is wholly unsecured or merely undersecured, the reasons articulated by the Supreme Court for its holding in *Dewsnup*, 502 U.S. at 417, 112 S.Ct. 773—that liens pass through bankruptcy unaffected, that mortgagee and mortgagor bargained for a consensual lien which would stay with real property until foreclosure, and that any increase in value of the real property should accrue to the benefit of the creditor, not the debtor or other unsecured creditors—are equally pertinent. Neither Laskin nor the courts in *Yi* and *Howard* propound any rationale for distinguishing.

Our holding that strip off is prohibited in Chapter 7 cases absent a disposition of collateral is consistent not only with *Dewsnup*, but also with the Ninth Circuit's homestead cases, *e.g., Alsberg v. Robertson (In re Alsberg)*, 68 F.3d 312, 315 (9th Cir.1995), holding a Chapter 7 debtor's share of proceeds from a trustee's sale is limited to the amount of the homestead exemption, and does not include any postpetition appreciation in the value of his residence. If the value of the Laskins' property should increase to a level at which the junior lien is no longer unsecured, Keystone should have the benefit of that increase in value, as bargained for by the parties.

## V. CONCLUSION

■ Section 506 was intended to facilitate valuation and disposition of property in the reorganization chapters of the Code, not to confer an additional avoiding power on a Chapter 7 debtor. *Lange*, 120 B.R. at 135. In contrast to Chapter 13 debtors, who may use § 506 to determine the amount to be paid to a creditor as a secured claim in return for at least a chance of being paid as an unsecured creditor, Laskin seeks to use § 506(d) to expand the rights afforded Chapter 7 debtors by removing an encumbrance from his real property, which he intends to retain. This result is not authorized by the Bankruptcy Code, and is clearly prohibited by *Dewsnup*.

The debtors lack standing to avoid the Keystone lien under § 506(d). In any event, the Supreme Court's *Dewsnup* holding and the inapplicability of § 506(d) in Chapter 7 cases, absent a trustee's disposition of the putative collateral, prohibit Laskin from stripping off the Keystone deed of trust. We AFFIRM.