**In re Dennis & Phyllis PLOGGER, Debtors.**

**Dennis & Phyllis Plogger, Plaintiffs,**

**v.**

**IMC Mortgage Company, Roy V. Wolfe, III, Trustee, Defendants.**

Bankruptcy No. 5–98–01581.
Adversary No. 99–0008A.

United States Bankruptcy Court, W.D. Virginia, Harrisonburg Division.

Oct. 12, 1999.

Susan C. Proctor, Roanoke City, VA, for Debtors.

Melvin R. Zimm, Norfolk, VA, for IMC Mortgage Co.

Roy V. Wolfe, III, Harrisonburg, VA, trustee.

### DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

The Ploggers filed a Complaint to Determine Secured Status of Claim on February 18, 1999 against IMC Mortgage Company (hereinafter "IMC") and Roy V. Wolfe, III, Trustee (hereinafter "Trustee"). More specifically, the complaint sought (1) to have the second claim of IMC, a second deed of trust on the Ploggers' residence, disallowed as a secured claim because there was no value in the collateral, (2) to void the lien created by the second deed of trust on the collateral, and (3) to order IMC to release the second deed of trust. A Summons and Notice of Pre–Trial Conference was issued on February 22, 1999 which set a pre-trial conference for March 31, 1999. Neither defendant made an appearance in the adversary proceeding or filed an answer or motion in response to the complaint as required by the summons[1]. As such, the Ploggers submitted a Motion for Entry of Default Judgment on March 31, 1999, and an Order was entered the same day granting default judgment on the complaint. IMC and the Trustee filed a Motion to Reconsider and Motion to Set Aside and Vacate Order Granting Judgment by Default on

April 9, 1999. A hearing was held on May 26, 1999 to consider this motion. Pursuant to that hearing, the Court entered an Order on June 17, 1999 setting a briefing schedule for both parties to file supporting authority on the issue of whether or not sufficient grounds exist for the Court to reconsider and vacate the default judgment. Both parties have filed their briefs, and the matter is ripe for decision.

### Discussion

#### I. Default Judgment

B.R. 7055 makes F.R.Civ.P. 55 applicable in adversary proceedings. Rule 55(b)(2) provides for the entry of a default judgment order by the court. Entry of default judgment is at the discretion of the court, and "[u]pon a default, the court is generally required to deem as true the well pleaded allegations of a complaint, but it is not required to agree that the pleaded facts constitute a valid cause of action." 10 *Collier on Bankruptcy* ¶ 7055.02(2). A balancing test for default judgments "pit[s] the court's strong preference for deciding cases on the merits against countervailing interests in finality and in preserving the court's ability to control its docket." *Heyman v. M.L. Marketing Co.*, 116 F.3d 91 (4th Cir.1997) citing *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808 (4th Cir.1988).

#### II. Rule Applicable to a Motion to Vacate a Default Judgment Order

IMC and the Trustee rely on F.R.Civ.P. 59(e)[2] to request reconsideration of the default judgment. Rule 59(e) is made applicable to bankruptcy proceedings by B.R. 9023. IMC and the Trustee argue that Rule 59(e) "contains no language that prevents its application to default judgments" and that "there appears to be no case law authority indicating that

---

**1.** Any responsive pleading was due on March 24, 1999.

**2.** Rule 59(e) provides that "Any motion to alter or amend a judgment shall be filed no later than 10 days after the entry of the judgment."

the Rule cannot be so applied" (Defendant's Brief at 4), 10. However, *Collier on Bankruptcy* states that in order to set aside a default judgment, the provisions of Civil Rule 60(b) [3] must be met (¶ 7055.03). In addition, this Court finds no cases dealing with motions to set aside default judgments that rely on Rule 59(e) while finding several that rely on Rule 60. See *Maxwell v. Tran (In re Controlled Release Tech., Inc.)* 163 B.R. 519 (Bankr.N.D.Ill.1994) It would seem that IMC and the Trustee are seeking to avoid the more stringent standards of 60(b), which set forth specific conditions under which a court may set aside a default judgment. The motions will be considered by this Court under the standards of Rule 60(b).

## III. Rule 60(b) Threshold Questions

■ Analysis of motions to set aside default judgment under Rule 60(b) requires an examination of several factors. The moving party must first satisfy three threshold questions. First, is the motion for relief timely? Second, does the movant have a meritorious defense to the action? Third, will the setting aside of the judgment unfairly prejudice the opposing party? *Park Corp. v. Lexington Ins. Co.,* 812 F.2d 894, 896 (4th Cir.1987)

The default judgment was granted on March 31, 1999. The motion to set aside the default judgment was filed April 9, 1999, only nine days after the default judgment was granted. Thus, it was filed within a "reasonable time" as required by Rule 60(b). Additionally, motions alleging Rule 60(b)(1), (2), or (3) causes must be filed within one year of the date of entry of the judgment from which relief is sought. *Id.*

In the present case, IMC and the Trustee clearly meet this threshold requirement.

Despite their mistaken reliance on Rule 59(e), IMC and the Trustee properly assert the importance of the presence of a meritorious defense to the Debtors' complaint. Defendants' memorandum argues vigorously that the holding of *Crossroads of Hillsville v. Payne,* 179 B.R. 486 (W.D.Va.1995) (relying on *Dewsnup v. Timm,* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992)) [4] provides them with such a defense. In *Payne,* the Court, in holding that a Chapter 7 debtor could not strip a judgment lien pursuant to § 506(d) despite the fact that other superior liens more than exceeded the property's appraised value, stated that "regardless of whether this Court agrees or disagrees with the rationale of the *Dewsnup* decision, this Court is bound by its holding and, thus, Crossroads' lien can not be avoided by § 506(d)." At 491. In the present case, the Ploggers complaint sought to strip a second deed of trust on their property on the basis that the property was encumbered by a first deed of trust whose amount exceeded the value of the property. IMC and the Trustee may have a meritorious defense and meet the second threshold requirement.

No party has addressed the issue of potential unfair prejudice to the Ploggers should this Court set aside the default judgment, and the Court discerns none. As such, this Court finds that the Defendants meet the third threshold requirement.

## IV. Rule 60(b) Grounds for Relief

■ While IMC and the Trustee have met their threshold burden, they must still

---

**3.** Rule 60(b) provides, in part, that " On motion and upon terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons, (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence...; (3) fraud....misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5)the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

**4.** In *Dewsnup,* the Supreme Court held that Chapter 7 debtor may not strip liens under § 506 where there is no collateral value.

"satisfy one or more of the six grounds for relief set forth in Rule 60(b) in order to obtain relief from the judgment." *Park Corp.* at 896. Though IMC and the Trustee do not directly attempt to fulfill one or more of these requirements in their arguments because of their reliance on Rule 59(e), the Court will evaluate their allegations using the standards of Rule 60(b)[5]. After examining the six requirements and the particular arguments of IMC and the Trustee, it is clear to the Court that the present case does not involve situations of "newly discovered evidence...,"[6] "fraud..., misrepresentation, or other misconduct of an adverse party,"[7] or in which "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application."[8] Left to be examined are the grounds of Rule 60(b)(1), (4) and (6).

Rule 60(b)(1) provides that the court may relieve a party from judgment for "mistake, inadvertence, or excusable neglect." The Fourth Circuit has further refined this test to provide for two situations: (1) those in which the party is blameless but the attorney is blameworthy and (2) those in which the party is blameworthy. *Heyman* at 94 (citing *Augusta*). In the former situation, the balancing test of *Augusta* applies and "the [court's interest in reaching the merits] control[s] and a default judgment should ordinarily be set aside." *Id.* In the latter situation, a more strict approach (used in *Park Corp.*) necessitating a showing of an acceptable reason is required. *Id.*

In the present case, there are two defendants. The Trustee is a party and may not claim the more liberal test found in *Augusta.* See *Heyman* at 94–97. The situation of IMC is more difficult. It is conceivable that it is blameless in its failure to file a response to the Ploggers' complaint. However, it has not made a showing of its blamelessness or even alleged facts by which this Court could use the *Augusta* approach. As such, both IMC and the Trustee must meet the *Park Corp.* test. Neither IMC nor the Trustee pled any facts which could constitute a reasonable excuse. Without such a showing, IMC and the Trustee cannot prevail under Rule 60(b)(1).

Rule 60(b)(4) provides that the court may grant a party relief from judgment where that judgment is void. Generally, "a judgment is not void merely because it is erroneous...[i]t is void only if the court that entered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with the due process of law." *Eberhardt v. Integrated Design and Constr., Inc.*, 167 F.3d 861, 871 (4th Cir.1999) citing *Schwartz v. United States*, 976 F.2d 213, 217 (4th Cir. 1992). In the present case, no party alleged that this Court lacks jurisdiction or acted in a manner inconsistent with the due process of law. Neither is this case analogous to *Compton v. Alton S.S. Co.*, 608 F.2d 96 (4th Cir.1979). In *Compton*, a district court's entry of default judgment was overturned because the court erroneously interpreted the relevant statute. In the present case, this Court made no interpretation of any law other than the rules regarding default judgment. The merits of the case have only been examined to the extent necessary to weigh the relevant interests in vacating or leaving in place the default judgment. The entry of default judgment was in response to the failure of IMC or the Trustee to respond to the complaint. Thus, IMC and the Trustee cannot prevail under Rule 60(b)(4).

Finally, Rule 60(b)(6) provides that a court may relieve a party from judgment

---

5. See *Id.* for a list of the six requirements.

6. Rule 60(b)(2)

7. Rule 60(b)(3)

8. Rule 60(b)(5)

for "any other reason justifying relief from the operation of the judgment." The rule "has been described as the 'catch-all' clause because it provides the court with 'a grand reservoir of equitable power to do justice in particular cases' and 'vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice' where relief might not be available under any other clause in 60(b)." *Eberhardt* at 872–73 (citing *Compton* at 106–07).

However, it is not necessary in this case to vacate the judgment in order to accomplish justice. While IMC and the Trustee may argue that they are denied the benefits of their meritorious defense, they have slept on their rights. IMC and the Trustee point to *In re Laskin,* 222 B.R. 872 (9th Cir. BAP 1998) as a situation in which a court, faced with a motion to strip a lien in a Chapter 7 case, denied the motion despite the fact that none of the defendants filed a response. *Laskin* is inapposite in a number of respects. First, this is an adversary proceeding, not a motion as in *Laskin.* Second, the portion of *Laskin* dealing with the *Dewsnup* ruling is *dicta.* Third, no party in *Laskin* raised the default judgment issue. In the case at bar, due process was afforded, and default judgment is a just remedy within the discretion of this Court, especially when no effort is made to show grounds to set aside the judgment.

### Conclusion

Despite the fact that IMC and the Trustee are able to meet the threshold elements required in the motion to vacate the default judgment order, they are unable to demonstrate any of the six grounds found in Rule 60(b) for relief. The choice not to respond to the Ploggers complaint was the defendants'. To grant them relief with no explanation as to grounds (other than the possibility of a meritorious defense) would be contrary to the adversarial process and would leave the door open for every litigant to obtain a "bite at the apple" which they forfeited by failing to reply. This could lead to no end of litigation and an abuse of our adversary process. Accordingly, it is

### ORDERED

That the Motions of the Trustee and of IMC Mortgage Co. be, and they hereby are, denied, and the default judgment order of this Court dated March 31, 1999 remains in full force and effect.